FILED
CLERK

4/22/2019 12:27 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------

USA,

                              *Plaintiff,*

              v.

WALTER J. BARONOWSKI, III

                              *Defendant.*

------------------------------------

Docket 16-cr-00098-JFB-1

United States Courthouse
Central Islip, New York

March 20, 2019
1:47:26 pm - 2:07:39 pm

TRANSCRIPT FOR CRIMINAL CAUSE
- GUILTY PLEA -
BEFORE THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE-JUDGE

A P P E A R A N C E S :

*For Plaintiff:*          CHRISTOPHER CHARLES CAFFARONE, ESQ.
                          United States Attorney's Office, E.D.N.Y.
                          610 Federal Plaza
                          Central Islip, New York 11722
                          (631) 715-7868; (631) 715-7920 fax
                          christopher.caffarone@usdoj.gov


*For Defendant:*          MICHELLE J. SHAPIRO, ESQ.
                          MELISSA A. TRENK, ESQ.
                          Arent Fox LLP
                          1301 Avenue of the Americas, 42nd floor
                          New York, New York 10019
                          (212) 484-3943; (212) 484-3990 fax
                          michelle.shapiro@arentfox.com


*Transcriber:*            AA Express Transcripts
                          195 Willoughby Avenue, Suite 1514
                          Brooklyn, New York 11205
                          (888) 456-9716
                          aaexpress@court-transcripts.net


        *(Proceedings recorded by electronic sound recording)*

1      COURTROOM DEPUTY:  Calling case criminal 2016-98, USA

2  v. Walter Baronowski.  Counsel, please state your appearance for

3  the record.

4      MR. CAFFARONE:  Chris Caffarone, for the United

5  States.  Good afternoon, Your Honor.

6      THE COURT:  Good afternoon, Mr. Caffarone.

7      MS. SHAPIRO:  Good afternoon, Your Honor.  Apologies.

8  It's Michelle Shapiro from Arent Fox, on behalf of Defendant,

9  Walter Baronowski, who's seated to my right.  With me is my

10  colleague, Melissa Trenk, who is an attorney in my office, whose

11  application is pending for the Eastern District.  She's here

12  today to observe, with your permission.

13      THE COURT:  I'm doing attorney admissions.  Maybe

14  she'll be part of that.  Delightful to see all of you.  Have a

15  seat.  All right.  Mr. Caffarone, we're doing what today?

16      MR. CAFFARONE:  Your Honor, we're here to waive

17  indictment and plead guilty to a superseding information.

18      THE COURT:  Okay.  Let me do that one piece at a time.

19  So, Mr. Baronowski have you had enough time to talk to your

20  attorney?  Do you understand the things we're going to try to do

21  today?

22      MR. BARONOWSKI:  Yes, Your Honor.

23      THE COURT:  All right.  Pull that mic nice and close,

24  because that's how we're going to make a record.  All right.

25  Understand that at least some of the things we're doing today,

1    such as a guilty plea, you have the right to have that done in

2    front the district judge.  He's very busy.  He's not available

3    today.  He's asked me to cover it.  I know you signed something,

4    but is that okay with you?  And do you understand that?

5              MR. BARONOWSKI:  Yes, Your Honor.

6              THE COURT:  All right.  Very good.  I will enter the

7    order then, the referral order.  In terms of the waiver of

8    indictment, do I need to do a full arraignment?  What are we

9    going to do on that?

10             MR. CAFFARONE:  Your Honor, I think he has to get

11   arraigned on the information because he was not charged --

12             THE COURT:  So, he has to say not guilty, and then you

13   want him to say guilty --

14             MR. CAFFARONE:  Guilty.  Yes, please.

15             THE COURT:  All right.  So, sir, understand what's

16   happening.  You've been indicted on different charges.  What's

17   being proposed is the Government wants to file this superseding

18   information.  By law, technically speaking, they need to go to a

19   grand jury.  And present this.  Now the grand jury might find

20   that this charge, which charges making a false statement is

21   good, and then they would vote an indictment, or they might not,

22   but by agreeing in the agreement that you signed to waive that,

23   we're not going to go to a grand jury.  We're just going to

24   proceed as though this is a charge.  Do you understand that?

25             MR. BARONOWSKI:  Yes, Your Honor.

1          THE COURT:  Okay.  And you're okay with that procedure

2     as well.  Yes?

3          MR. BARONOWSKI:  Yes, Your Honor.

4          THE COURT:  Very good.  All right.  And just so you

5     understand the information, we're waiving public reading,

6     counsel, yes?

7          MS. SHAPIRO:  Yes, Your Honor.

8          THE COURT:  Okay.  Good.  It charges, making a false

9     statement to an FBI special agent and a postal inspector

10    regarding some alleged life insurance issue.  You understand all

11    that?

12         MR. BARONOWSKI:  Yes, Your Honor.

13         THE COURT:  All right.  Very good.  All right.  So,

14    he's been arraigned on that, and we will proceed with the plea.

15    So, sir, the way this works is I will hear your plea, and then

16    I'll make a recommendation to Judge Bianco, who's the assigned

17    district judge, as to whether or not he'll accept it.  Do you

18    understand?

19         MR. BARONOWSKI:  Yes, Your Honor.

20         THE COURT:  Very good.  So, before recommending to

21    Judge Bianco that he consider your plea, there are some

22    questions I have to ask you to assure myself that it is a valid

23    plea.  If you do not understand any of my questions, please say

24    so, and I will reword or rephrase the question for you.  Okay?

25         MR. BARONOWSKI:  Yes, Your Honor.

1          THE COURT:  I'm going to ask you to stand up for one

2     moment now, and my clerk is going to swear you in.

3          THE CLERK:  Please raise your right hand.  You do

4     solemnly swear that the answers you give during the plea

5     conference will be the truth, the whole truth, and nothing but

6     the truth, so help you God?

7          MR. BARONOWSKI:  Yes, I do.

8          THE CLERK:  Okay.  Please be seated.

9          THE COURT:  All right.  Mr. Baronowski, do you

10    understand that having been sworn, the answers you give to my

11    questions this afternoon will be subject to the penalties of

12    perjury, or of a crime we call making a false statement if you

13    do not answer truthfully.  Do you understand?

14         MR. BARONOWSKI:  Yes, Your Honor.

15         THE COURT:  How old are you?

16         MR. BARONOWSKI:  34.

17         THE COURT:  All right.  Are you a citizen of the U.S.?

18         MR. BARONOWSKI:  Yes, Your Honor.

19         THE COURT:  Okay.  How far did you go in school?

20         MR. BARONOWSKI:  Graduate degree, Your Honor.

21         THE COURT:  In what?

22         MR. BARONOWSKI:  Global finance.

23         THE COURT:  All right.  Are you presently, or have you

24    recently been under the care of a physician or a psychiatrist?

25         MR. BARONOWSKI:  Yes, Your Honor.

1          THE COURT:  For what?

2          MR. BARONOWSKI:  Anxiety.

3          THE COURT:  Okay.  Are you on any medical as a result?

4          MR. BARONOWSKI:  Yes, Your Honor.

5          THE COURT:  What medication or medications are you on?

6          MR. BARONOWSKI:  Lexapro and Xanax.

7          THE COURT:  Okay.  I have some familiarity with those,

8   limited, but the important thing is, does it affect your ability

9   to understand what's going on here today?

10         MR. BARONOWSKI:  No, it does not, Your Honor.

11         THE COURT:  Is your mind clear?

12         MR. BARONOWSKI:  Yes, it is, Your Honor.

13         THE COURT:  All right.  Good.  Other than what you've

14  told me about, those medications that are prescribed, in the

15  past 24 hours, have you taken any narcotics, drugs, medicine, or

16  pills, or had any alcoholic beverages other than those two?

17         MR. BARONOWSKI:  An Advil, that's about it.

18         THE COURT:  Okay.  Have you ever been hospitalized or

19  treated for a narcotics addiction?

20         MR. BARONOWSKI:  No, Your Honor.

21         THE COURT:  All right.  And you've already told me

22  your mind clear today?

23         MR. BARONOWSKI:  Yes, Your Honor.

24         THE COURT:  And you understand what's going on here.

25  Yes?

1          MR. BARONOWSKI:  Yes, Your Honor.

2          THE COURT:  Good.  Defense counsel, let me ask you.

3    Have you discussed this matter with your client?

4          MS. SHAPIRO:  I have, Your Honor.

5          THE COURT:  Does he understand the rights he'd waiving

6    by entering a guilty plea?

7          MS. SHAPIRO:  I believe he does, Your Honor.

8          THE COURT:  All right.  Is he capable of understanding

9    the nature of these proceedings?

10          MS. SHAPIRO:  I believe he is.

11          THE COURT:  He has a degree in global finance, I would

12    think so, but it's important that you tell me that.  Do you have

13    any doubt as to his competency to plead guilty at this time?

14          MS. SHAPIRO:  No, Your Honor.

15          THE COURT:  Okay.  Good.  Back to you, sir.  You have

16    the right to plead not-guilty, and to the extent you've entered

17    a not-guilty plea, you can stand by that not-guilty plea.  Do

18    you understand?

19          MR. BARONOWSKI:  Yes, I do, Your Honor.

20          THE COURT:  If you plead not-guilty, or if you stand

21    by a not-guilty plea, under the constitution and laws of the

22    United States, you're entitled to a speedy and public trial by

23    jury, with the assistance of counsel on the charges.  Do you

24    understand?

25          MR. BARONOWSKI:  Yes, I am, Your Honor.

1      THE COURT:  Counsel, are you retained or appointed?

2      MS. SHAPIRO:  Retained.

3      THE COURT:  Okay.  You're paying attorney, but if for

4  some reason you didn't have sufficient funds to have an

5  attorney, an attorney would be provided for you by the court.

6  Do you understand that as well?

7      MR. BARONOWSKI:  Yes, I do, Your Honor.

8      THE COURT:  All right.  At the trial, you would be

9  presumed to be innocent and the Government would have to

10 overcome that presumption and prove you guilty by competent

11 evidence and beyond a reasonable doubt, and you would not have

12 to prove that you are innocent.  And if the Government failed,

13 the jury would have the duty to find you not guilty.  Do you

14 understand?

15     MR. BARONOWSKI:  Yes, I do, Your Honor.

16     THE COURT:  In the course of the trial, witnesses for

17 the Government would have to come to court and testify in your

18 presence.  And your counsel would have the right to cross

19 examine the witnesses for the Government, object to the evidence

20 offered by the Government, and to offer evidence on your behalf.

21 Do you understand?

22     MR. BARONOWSKI:  Yes, I do, Your Honor.

23     THE COURT:  If there were witnesses, who could help

24 you that were reluctant to come to court or documents that you

25 needed for your case, your attorney could also get orders and

1    subpoenas to compel individuals to either come to court or give

2    you those documents so you could defend yourself.  Do you

3    understand that?

4              MR. BARONOWSKI:  Yes, I do, Your Honor.

5              THE COURT:  All right.  At the trial, you would have

6    the right to testify if you chose to do so, but you would not be

7    required to testify.  Under the Constitution of the United

8    States, you cannot be compelled to incriminate yourself.  If you

9    decided not to testify, the Court would instruct a jury that

10   they could not hold that against you.  Do you understand?

11             MR. BARONOWSKI:  Yes, I do, Your Honor.

12             THE COURT:  If you plead guilty and I recommend

13   acceptance of that plea, and that plea is accepted, you will be

14   giving up all your constitutional rights to a trial, and the

15   other rights I've just discussed.  There will be no further

16   trial, and the other rights I just outlined.  There would be no

17   further trial of any kind, and no right to appeal or

18   collaterally attack at any time the question of whether you're

19   guilty or not.  A judgment of guilty will be entered on the

20   basis of your guilty plea, and that judgment can never be

21   challenged.  Do you understand?

22             MR. BARONOWSKI:  Yes, I do, Your Honor.

23             THE COURT:  All right.  You may, and I emphasize may,

24   have the right to appeal with respect to sentence, but not with

25   respect to question of guilt or innocence.  Do you understand?

1          MR. BARONOWSKI:  Yes, I do, Your Honor.

2          THE COURT:  All right.  If you plead guilty, I will

3    have to ask you questions about what you did in order to satisfy

4    myself that you are guilty of the charge or charges to which you

5    seek to plead guilty, and you'll have to answer my questions and

6    acknowledge your guilt.  Thus, you will be giving up your right

7    not to incriminate yourself.  Do you understand?

8          MR. BARONOWSKI:  Yes, I do, Your Honor.

9          THE COURT:  Are you willing to give up your right to a

10   trial and the other rights that I just outlined?

11         MR. BARONOWSKI:  Yes, I do.

12         THE COURT:  All right.  There's, what I'll refer to

13   as, a plea agreement.  Have you read this document?

14         MR. BARONOWSKI:  Yes, I did, Your Honor.

15         THE COURT:  And did you discuss it with your attorney?

16         MR. BARONOWSKI:  Yes, I did, Your Honor.

17         THE COURT:  All right.  I'm going to ask the

18   prosecutor to summarize the important parts for you, so, please

19   pay attention to this.

20         MR. CAFFARONE:  Yes, Your Honor, the important parts

21   of the agreement are that the defendant is agreeing to plead

22   guilty.  In exchange, the Government agrees that it will

23   recommend a term of probation, one-year probation.  It won't

24   recommend any fines or restitution.  In addition, the Government

25   will dismiss the underlying indictment with prejudice, and

1  that's sort of the core of the agreement.  There are obviously

2  some other items in there as well.  Statutory penalties are a

3  five-year maximum, no minimum.  But that's the crux of the

4  agreement.

5          THE COURT:  There's no appellate waiver?

6          MR. CAFFARONE:  There's no appellate waiver, Your

7  Honor.

8          THE COURT:  All right.  I'm going to ask the

9  prosecutor to do one other thing.  We talk about what we call

10  the elements of a crime, which is the basic things that the

11  Government has to prove to establish your guilt at trial.  Okay?

12  We're going to talk about the charge that we're talking about

13  today, which is the one contained in the superseding

14  information.  I'm going to ask the prosecutor to summarize the

15  elements, what they would have to prove to establish your guilt.

16          MR. CAFFARONE:  Yes, Your Honor.  The Government would

17  have to prove that the defendant made the statement charged in

18  the information.  That he did so knowingly and willingly.  That

19  the statement was materially false, fictitious or fraudulent.

20  That it was made in connection with or in the manner within the

21  executive branch.  In this case, it's the FBI, and the United

22  States Postal Inspection Service.  Those are the elements we'd

23  have to prove beyond a reasonable doubt.

24          We'd also have to prove that it was done on or about

25  the date and that by a preponderance, we'd have to prove venue,

1  that it occurred in this district.  The meeting actually

2  occurred in this building in the U.S. Attorney's Office.

3       THE COURT:  Which is in this district.

4       MR. CAFFARONE:  It is in this district, yes.

5       THE COURT:  Okay.  I just want to double-check.  All

6  right.  Good.  So, sir, you understand that those are the basic

7  elements.  That's what the Government would have to prove to

8  establish your guilt?

9       MR. BARONOWSKI:  Yes, I do, Your Honor.

10       THE COURT:  All right.  And I imagine that you've

11  discussed this matter with your attorney, and you feel

12  comfortable that you understand the nature of the charge?

13       MR. BARONOWSKI:  I do, Your Honor

14       THE COURT:  I just want to review very quickly with

15  you, because the prosecutor said something very important.  He

16  said they'd make a recommendation about certain sentencing

17  aspects, but you have to understand what the penalties are.

18  Once you say you take the guilty plea, the maximum term of

19  imprisonment here is five years.  You understand?

20       MR. BARONOWSKI:  I do, Your Honor.

21       THE COURT:  There's no minimum term.  But then there's

22  something called supervised release, which is three years to

23  follow any term of imprisonment.  And if you violate a condition

24  of supervised release, you would be sentenced for one year

25  without credit.  Do you understand that?

1        MR. BARONOWSKI:  I do, Your Honor.

2        THE COURT:  Do you know what supervised release is?

3        MR. BARONOWSKI:  Generally speaking, I'm assuming it's

4  some kind of home confinement or in touch with some sort of

5  supervisor, I'm not very familiar.

6        THE COURT:  Pretty close.  It's like what we used to

7  call probation or parole.  It means you're out on your own,

8  you've finished whatever sentence that has to be served, but

9  you're still under the jurisdiction of the court.  And if you

10  violate certain rules, you can go back to jail.  In this case

11  for as much as a year because you've committed a new crime, or

12  you didn't follow the rules.  Do you understand?

13        MR. BARONOWSKI:  I do, Your Honor.

14        THE COURT:  All right.  There's a maximum fine of up

15  to $250,000.  Do you understand that?

16        MR. BARONOWSKI:  I do, Your Honor.

17        THE COURT:  Restitution is NA?

18        MR. CAFFARONE:  That's correct, Your Honor.  The lies

19  were made to the FBI.  They weren't made to the victims.

20  Defense counsel and I had spoken at length, and done some

21  research on our own as well, and concluded that restitution was

22  not applicable.  We've actually talked to the Government, and

23  the FBI agent actually spoke to the victims of the underlying

24  case and brought that to their attention.  They completely agree

25  with the disposition and forego any restitution that they may

1 | have been entitled to.

2 |     THE COURT:  All right.  The Government believes

3 | there's no restitution.  I'm a little surprised by that.  What

4 | was the amount that issued in the underlying scheme?

5 |     MR. CAFFARONE:  I think it was over a million dollars

6 | for a couple of different insurance companies.  But when we

7 | looked at the 1001, there is actually a case, I think I found it

8 | in the District of New Jersey, and I think defense counsel found

9 | one.  We had shared different research and came to the

10 | conclusion that depending on who the lie is made to, there may

11 | be restitution that attaches to 1001, but it usually has to be

12 | inferred.  What we saw was a lie on an application to get a

13 | loan.

14 |     THE COURT:  Okay.  I'm good.

15 |     MR. CAFFARONE:  Okay.

16 |     THE COURT:  I just want to say to the defendant, just

17 | pay attention to me for a second here.

18 |     MR. BARONOWSKI:  I'm sorry, Your Honor.

19 |     THE COURT:  That's okay.  Here's the thing, Government

20 | counsel and your attorney, both of them are very qualified.

21 | They know this stuff.  They know it better than I do.  They're

22 | saying no restitution.  I'm going to disagree.  I'm going to say

23 | there's a possibility.  You should just be aware.  There's a

24 | possibility the judge might say, he's on the hook for

25 | restitution, and he could order you to pay $1 million.  Do you

1   understand?

2           MR. BARONOWSKI:  I do understand, Your Honor.

3           THE COURT:  Okay.  It's a risk.  Okay?  I would like

4   to accept counsel at their word, and say they were absolutely

5   right, but when they cite the District of New Jersey to me, I

6   think twice.  It might not be binding precedent.  There could be

7   a different decision here.  Do you understand?

8           MR. BARONOWSKI:  Yes, Your Honor.

9           THE COURT:  Okay.  And there's a $100 special

10  assessment that you must pay.  Do you understand that?

11          MR. BARONOWSKI:  I do understand that.

12          THE COURT:  All right.  Have you discussed with your

13  attorney the sentencing guidelines and the other sentencing

14  factors that the judge must consider in crafting a sentence?

15          MR. BARONOWSKI:  Yes, I did, Your Honor.

16          THE COURT:  Good.  Then you should know that the

17  sentencing guidelines are not mandatory, but that in sentencing,

18  the Court is required to consider the applicable guidelines

19  range, along with the certain statutory factors listed in

20  something we call 18 U.S.C. 3553(a).  And what that means is the

21  Court will consider the nature and circumstances of your

22  offense, your criminal history, if any, and your personal

23  characteristics in thinking about a sentence.  Do you

24  understand?

25          MR. BARONOWSKI:  Yes, I do, Your Honor.

1          THE COURT:  And what that means is there's only one

2    guarantee.  Right?  We can make representations and promises and

3    what-not, but there's one guarantee, and that's a five-year

4    maximum as to the statute.  Do you understand?

5          MR. BARONOWSKI:  Yes, Your Honor.

6          THE COURT:  That's the only guarantee.  You got it?

7          MR. BARONOWSKI:  Yes, Your Honor.

8          THE COURT:  Good.  In formulating a sentence, the

9    district court will consider other factors, including the

10   seriousness of the offense, just punishment, protection of the

11   public from additional criminal conduct by you or by others, and

12   in certain cases, if cooperation becomes an issue, your

13   cooperation if the Government submits certain forms and motions.

14   Do you understand all of that?

15         MR. BARONOWSKI:  Yes, Your Honor.

16         THE COURT:  Do you realize, sir, that -- do you need a

17   moment?  It's okay.

18         MS. SHAPIRO:  Do you want to just repeat that last

19   question, Your Honor, please?

20         THE COURT:  Yes.  In formulating a sentence, there are

21   other things that the Court must consider, the seriousness of

22   the offense, just punishment, protection of the public from

23   additional criminal conduct by you or by others, and where

24   appropriate, your cooperation if the Government submits a

25   certain motion.

1        MR. BARONOWSKI:  Yes, Your Honor, I understand.

2        THE COURT:  You understand?  Yes?  Okay.  If the

3   sentence is more severe than you expected, you will not be able

4   to withdraw your guilty plea.  Do you understand that?

5        MR. BARONOWSKI:  Yes, Your Honor.

6        THE COURT:  Okay.  Understand it's your lawyer's job

7   to give you an estimate.  She's experienced; she's going to tell

8   you, based on my experience, I think this is going to happen.

9   That's her job.  But an estimate and a promise are two very

10  different things.  You understand?

11       MR. BARONOWSKI:  I do.

12       THE COURT:  All right.  Good.  Do you have any

13  questions you'd like to ask me about the charges, your rights,

14  or anything else related to this matter?

15       MR. BARONOWSKI:  No, I do not at this time, Your

16  Honor.

17       THE COURT:  Good.  Are you ready to proceed?

18       MR. BARONOWSKI:  Yes, Your Honor.

19       THE COURT:  All right.  I'm going to ask your attorney

20  one more question.  Do you know of any legal reason why the

21  defendant should not plead guilty?

22       MS. SHAPIRO:  I do not, Your Honor.

23       THE COURT:  Okay.  And, sir, back to you.  Are you

24  satisfied with your legal representation up to this point?

25       MR. BARONOWSKI:  Yes, Your Honor.

1    THE COURT:  Do you think your lawyer did a good job?

2    MR. BARONOWSKI:  Yes, Your Honor.

3    THE COURT:  I'm glad to hear it.  I'm not surprised to

4  hear it, but I'm glad to hear it.  All right.  So, in that case,

5  what is your plea to the sole count of the superseding

6  information, guilty or not-guilty?

7    MR. BARONOWSKI:  Guilty, Your Honor.

8    THE COURT:  Are you making this plea of guilty

9  voluntarily and of your own freewill?

10    MR. BARONOWSKI:  Yes, I am, Your Honor.

11    THE COURT:  Has anyone threatened you or forced you to

12  plead guilty?

13    MR. BARONOWSKI:  No, Your Honor.

14    THE COURT:  Other than the agreement which is

15  contained in that document we discussed with the Government, has

16  anyone made any promises that have caused you to plead guilty?

17    MR. BARONOWSKI:  No, Your Honor.

18    THE COURT:  Has anyone made you a promise as to what

19  your sentence will be?

20    MR. BARONOWSKI:  No, Your Honor.

21    THE COURT:  Good.  Because nobody can.  All right.  In

22  that case, please describe in your own words what you did in

23  connection with the charge to which you're pleading guilty.

24    MS. SHAPIRO:  Your Honor, if it's okay with you, Mr.

25  Baronowski would like to read a prepared statement.

1          THE COURT:  I would be delighted to hear that.

2          MR. BARONOWSKI:  Thank you, Your Honor.  On May 8 and

3     May 14, 2018, I was interviewed by Agents of the Federal Bureau

4     of Investigation and the U.S. Postal Inspection Service pursuant

5     to a proffer agreement with the U.S. Attorney's Office, for the

6     Eastern District of New York.

7          During the second day of my interview, I was asked how

8     the commission worked on a particular life insurance policy

9     issued to a client of an insurance agent for whom I had

10    previously worked.  In response I told the Government that I was

11    not sure, but that I heard that the insurance company offered a

12    bonus on that policy up to 134 percent of the annual premium.

13    In truth, at the time of the interview, I was also aware of an

14    illegal rebating scheme whereby the insurance agent secretly

15    shared his commission payment on the policy with a client.

16    Despite knowing about the illegal rebating scheme when I

17    answered the Government's question, I chose not to disclose it.

18    I deeply regret this bad decision.  Thank you, Your Honor.

19         THE COURT:  No problem.  Now, you read a statement.

20    just to make sure, those are your words and those are true.

21    Correct?

22         MR. BARONOWSKI:  Yes, Your Honor.

23         THE COURT:  All right.  Is the prosecutor requesting

24    him to add anything to that allocution?

25         MR. CAFFARONE:  Actually, I think he may have said it,

1   but I might have missed it.  That the proffer occurred here in

2   this building, within this district.

3            THE COURT:  Is that right?

4            MR. BARONOWSKI:  Yes, Your Honor.

5            THE COURT:  It's a big white building.  You'll

6   remember.

7            MR. BARONOWSKI:  Yes, Your Honor, we were here.

8            THE COURT:  All right, good.  Anything else?

9            MR. CAFFARONE:  No, Your Honor.

10           THE COURT:  Anything counsel would like him to add?

11           MS. SHAPIRO:  No, Your Honor.

12           THE COURT:  All right.  In that case, I'm going to ask

13   the prosecutor to outline the proof the Government would have

14   offered had the matter gone to trial.

15           MR. CAFFARONE:  Yes, Your Honor.  The Government would

16   have called the special agent with the FBI and the United States

17   Postal Inspector, who would have testified that on May 14, 2018,

18   the defendant, along with his attorneys, met with the Government

19   in connection with it's investigation and during that interview,

20   the defendant made the false statement that he had just

21   testified to.  We would also put on witnesses that would have

22   also confirmed that statement to be false because there was an

23   illegal rebating scheme.  And so, we would have called the

24   witnesses to establish all of the necessary elements of the

25   offense.

1          THE COURT:  All right.  Very good.  Anything else the

2    Government would like to add?

3          MR. CAFFARONE:  No, Your Honor.

4          THE COURT:  Anything else from defendant?

5          MR. BARONOWSKI:  No, Your Honor.

6          THE COURT:  All right.  Based on the information given

7    to me, I find that the defendant is acting voluntarily.  He

8    fully understands his rights and the consequences of the plea,

9    and that there is a factual basis for the plea.  I therefore

10   recommend acceptance of the plea of guilty to the sole count of

11   the superseding information.

12         That's it.  Do we have a sentencing date?

13         MR. CAFFARONE:  We do.  It's July 10.

14         THE COURT:  Okay.  Go ahead.

15         MS. SHAPIRO:  I was going to add, Your Honor, that we

16   do intend to send Judge Bianco a letter requesting a sooner

17   date.  So, we're set that as a tentative date.  We'd like to ask

18   him to do it more quickly and potentially to also waive the PSR

19   requirements that Baronowski has prepared.  But we understand.

20   We will take that up with Judge Bianco.

21         THE COURT:  I'm a big fan of not delaying things, so

22   absolutely.  But let me say to the defendant, just understand,

23   we're talking about July 10, it may be sooner, but keep in touch

24   with your attorney.  There's a lot to be done between then and

25   now.  There may be different reports, and you have to share

1   information.  Just make sure you keep in touch and show up when

2   you're supposed to show up.  Okay?

3           MR. BARONOWSKI:  Yes, Your Honor.  I thank you very

4   much.

5           THE COURT:  Good luck to you.

6           MR. CAFFARONE:  Thank you, Judge.

7           THE COURT:  We're adjourned.  Thank you.

8                           - o0o -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I, Rochelle V. Grant, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated:  April 20, 2019

_____
Rochelle V. Grant